# EXHIBIT C

**RETURN**
2021CVA000079D1

# CITATION

THE STATE OF TEXAS
COUNTY OF WEBB            COURT DATE: 3/31/2021 AT 1:30 PM

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:    INDIANA WESTERN EXPRESS, INC.
       BY SERVING M. REX EVILSIZOR
       221 BEDFORD RD., SUITE 310
       BEDFORD, TX 76022

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2021CVA000079D1, styled:

         **HILDA MORENO, PLAINTIFF**
                      VS.
**KENNETH ROY BUTTS, Jr.; INDIANA WESTERN EXPRESS INC., DEFENDANTS**

Said Plaintiff's Petition was filed on 01/13/2021 in said court by:
     DAVID L. RUMLEY, ATTORNEY FOR PLAINTIFF
     123 NORTH CARRIZO STREET
     CORPUS CHRISTI TX 78401

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 15th day of January, 2021.

                 C L E R K   O F   C O U R T

                                      ESTHER DEGOLLADO
                                      WEBB COUNTY DISTRICT CLERK
                                      P.O. BOX 667
                                      LAREDO, TX 78042

                            BY: _____ DEPUTY
                                  Diana Vela

ERNEST H. DAHL
TEXAS JUDICIAL BRANCH
CERTIFICATION
PSC-16818    EXP: 5-31-2021

2021CVA000079D1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2021 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2021, by delivering to the within named **INDIANA WESTERN EXPRESS, INC.,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                               DEPUTY

**THE STATE OF TEXAS  }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

SERVE

2021CVA000079D1

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB          COURT DATE: 3/31/2021 AT 1:30 PM

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: INDIANA WESTERN EXPRESS, INC.
    BY SERVING M. REX EVILSIZOR
    221 BEDFORD RD., SUITE 310
    BEDFORD, TX 76022

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2021CVA000079D1, styled:

**HILDA MORENO, PLAINTIFF**
**VS.**
**KENNETH ROY BUTTS, Jr.; INDIANA WESTERN EXPRESS INC., DEFENDANTS**

Said Plaintiff's Petition was filed on 01/13/2021 in said court by:
   DAVID L. RUMLEY, ATTORNEY FOR PLAINTIFF
   123 NORTH CARRIZO STREET
   CORPUS CHRISTI TX 78401

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 15th day of January, 2021.

C L E R K  O F  C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
    Diana Vela

**OFFICER'S RETURN**     2021CVA000079D1

Came to hand on the _____ day of _____, 2021 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2021, by delivering to the within named **INDIANA WESTERN EXPRESS, INC.,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

```
                                      _____
                                      SHERIFF, CONSTABLE

                                      _____ COUNTY, TEXAS

                                   BY _____
                                                              DEPUTY
```

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

```
                                      _____
                                      NOTARY PUBLIC
                                      MY COMMISSION EXPIRES
```



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

January 15, 2021

# NOTICE OF CALENDAR CALL

CAUSE NO. <u>2021CVA000079D1</u>

<u>HILDA MORENO</u>
VS
<u>KENNETH ROY BUTTS, Jr.; INDIANA WESTERN EXPRESS INC.</u>

Please take notice that this case is set for Calendar Call on <u>03/30/2021</u> at <u>1:30 PM</u> at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

<u>Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.</u>

<u>Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.</u>

If there are any questions regarding this matter please feel free to call our office at any time.

Maryel Lopez
Civil Court Coordinator
49th District Court

---

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

## NOTICE OF HOW TO APPEAR FOR HEARING
## AVISO DE CÓMO COMPARECER A SU AUDIENCIA

**The 49th District Court will be holding hearings via videoconference or by phone.**

**In order to appear via videoconference on Zoom, you will need to have an electronic device with an internet connection. You may use a smart phone, iPad/tablet, or webcam/built-in camera with sound and video. You will also need to install the ZOOM App before the conference begins at www.zoom.us**

*El Tribunal de Distrito 49o (Cuadragésimo Noveno) llevará a cabo audiencias judiciales por videoconferencia o por teléfono.*

*Para comparecer por videoconferencia en Zoom deberá tener un dispositivo electrónico con conexión a internet. Puede usar un teléfono inteligente, iPad o tableta, cámara web, o un dispositivo con cámara web integrada con micrófono y altavoz. Adicionalmente, deberá instalar la aplicación (programa) ZOOM antes de que la audiencia empiece en www.zoom.us*

https://zoom.us/join

**Meeting ID** / *ID de reunión*: 956-523-4237

---

**To join the hearing via ZOOM** / *Para comparecer a su audiencia por ZOOM:*

**Please go to** / *Favor de ir a éste enlace:* https//txcourts.zoom.us/j/

**Then type in the above referenced Meeting ID** / *Introduzca el ID de la reunión antes citado*

---

**To join the hearing by phone only** / *Para comparecer a su audiencia solo por teléfono:*

**Dial any of these numbers. If dialing in Texas, you should use the Houston phone number: 1-346-248-7799.** / *Marque cualquier de estos números telefónicos. Si está hablando desde Texas, deberá marcar al número telefónico de Houston: 1-346-248-7799.*

**Then type in the above referenced Meeting ID** / *Después, introduzca el ID de la reunión antes citado.*
+1 346 248 7799 US (Houston)
+1 253 215 8782 US
+1 301 715 8592 US

Filed
1/13/2021 4:16 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2021CVA000079D1

CAUSE NO. 2021CVA000079D1

| | | |
|---|---|---|
| HILDA MORENO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| KENNETH ROY BUTTS, JR., AND | § | |
| INDIANA WESTERN EXPRESS, INC. | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Hilda Moreno, Plaintiff in the above-styled and numbered cause, complaining of Kenneth Roy Butts, Jr., and Indiana Western Express, Inc., Defendants herein, and for their cause of action would show the court and jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1 Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff requests that this lawsuit be conducted under Level 3 of the Discovery Control Plan.

### II.
### PARTIES

2.1 Plaintiff, Hilda Moreno is a citizen of the United States and a resident of the state of Texas and brings suit herein in his individual capacity.

2.2 Defendant, Kenneth Roy Butts, Jr. is a natural person and a citizen of the state of Missouri, and may be served with process at 3314 S. Robberson Ave., Springfield, Missouri 65807.

2.3 Defendant, Indiana Western Express, Inc., has its principal place of business and headquarters in this state located at 810 Union Pacific, Laredo, Webb County, Texas, where it conducts business, engages in business and transacts business

in the state of Texas, and may be served by serving its Texas registered agent for service: M. Rex Evilsizor, 221 Bedford Rd., Suite 310, Bedford, Texas 76022.

## III.
## VENUE AND JURISDICTION

3.1 Venue is proper in Webb County, Texas pursuant to Section 15.002(a)(1), Texas Civil Practice and Remedies Code, in that all or a substantial part of the events or omissions giving rise to the claim occurred in Webb County, Texas. Specifically, the accident made the basis of this suit occurred in Webb County, Texas. Venue is also proper in Webb County, Texas pursuant to Section 15.002(a)(2), Texas Civil Practice and Remedies Code, because Defendant, Indiana Western Express, Inc., owns and operates a terminal situated in Laredo, Texas located at 810 Union Pacific, Laredo, Webb County, Texas 78045.

## IV.
## FACTS

4.1 On or about February 21, 2020, Hilda Moreno was driving her 2015 Nissan Sentra, traveling in the left lane Westbound on the 100 block of East Del Mar Blvd and was stopped at a stop light. Kenneth Roy Butts, Jr., operating a 2014 Freightliner Cascadia Tractor towing a 2017 Trailer, while in the course and scope of his employment for Indiana Western Express, Inc., was also traveling Westbound on the 100 block of East Del Mar Blvd and was in the left turning lane and also stopped at the same stop light. When the light turned green Mr. Butts attempted to change lanes from the left turning lane and collided with Hilda Moreno's vehicle. As a result of the collision, Hilda Moreno, sustained bodily injuries.

4.2 At all times relevant hereto, Defendant, Kenneth Roy Butts, Jr., was an employee of Indiana Western Express, Inc., and was in the course and scope of his

employment at the time of the collision made the basis of this suit occurred. The 2014 Freightliner Cascadia Tractor and 2017 Trailer were owned, operated, leased, and/or maintained by Indiana Western Express, Inc.

## V.
## KENNETH ROY BUTTS, JR.

5.1 At the time and on the occasion in question, Defendant, Kenneth Roy Butts, Jr., while operating said vehicle within the course and scope of his employment for Indiana Western Express, Inc., and while operating said vehicle for and on behalf of and with Indiana Western Express, Inc.'s permission, failed to use ordinary care by various acts and omissions each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

1. in failing to keep a proper lookout;

2. in attempting to make an improper and unsafe lane change;

3. in operating his vehicle in an unsafe manner;

4. failing to take proper evasive action to avoid the accident made the basis of this suit;

5. failing to maintain proper attention while operating a motor vehicle;

6. in failing to appropriately apply the brakes or otherwise stop the vehicle;

7. in operating the vehicle in a careless and heedless fashion on the roadway as to endanger other persons using the roadway;

8. in failing to abide by the proper rules and regulations concerning the vehicle's safe operation;

9. in failing to keep the vehicle under control so as to avoid accidents; and

10. in failing to operate the vehicle in a reasonable and prudent manner.

3

5.2 Each and all of the above foregoing acts of omission and/or commission constituted negligence and negligence *per se* and were a proximate cause of damages to Plaintiff, Hilda Moreno and for which Plaintiff hereby seeks recovery within the jurisdictional limits of this court.

5.3 Plaintiff further asserts and alleges that the acts of omission and/or commission of Mr. Butts collectively and/or severally constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiff in operating said vehicles without proper training. Such conduct by Mr. Butt created an extreme degree of risk to all persons traveling on Texas roadways on the afternoon in question, which such degree of risk manifested itself on Hilda Moreno herein. This wanton and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of the injuries and damages suffered by Plaintiff.

## VI.
## INDIANA WESTERN EXPRESS, INC.

6.1 At the time of the accident, Indiana Western Express, Inc., was the owner/operator of the 2014 Freightliner Cascadia Tractor and 2017 Trailer driven by Kenneth Roy Butts, Jr. Kenneth Roy Butts, Jr. was under the control of Indiana Western Express, Inc., as an employee and/or agent of Indiana Western Express, Inc., and was acting within the course and scope of his employment. Therefore, Indiana Western Express, Inc., is vicariously responsible for the negligence and negligence *per se* of Kenneth Roy Butts, Jr. based on the theory of *Respondeat superior*.

6.2 Plaintiff further asserts and alleges that at the time of the collision made the basis of this suit that Defendant, Indiana Western Express, Inc., was guilty of

4

various acts and/or omissions which constituted negligence, including, but in no way limited to the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

1. in failing to properly train Mr. Butts;
2. in failing to properly monitor and supervise Mr. Butts;
3. negligently entrusting a vehicle to Mr. Butts;
4. in failing to properly implement appropriate policies and procedures;
5. in failing to provide proper and/or adequate training with respect to safe vehicle operation;
6. in failing to ensure the safety of others through proper training;
7. in failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing;
8. creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;
9. negligently exercising control on Mr. Butts; and
10. having superior knowledge of specific risk and specific danger and failing to guard against it.

6.3   Each and all of the above foregoing acts or omission and/or commission constituted negligence and negligence *per se* and were a proximate cause of the collision made the basis of this suit, and of injuries to Hilda Moreno, and for which Plaintiff hereby seeks recovery within the jurisdictional limits of this court.

6.4   Plaintiff further asserts and alleges that the acts of omission and/or commission of Indiana Western Express, Inc., collectively and/or severally constituted gross negligence in that this Defendant acted with conscience indifference to the rights,

5

safety, or welfare of the Plaintiff in instructing and permitting Mr. Butts to operate said vehicle with an extreme degree of risk to all persons traveling on Texas roadways on the afternoon in question, which such degree of risk manifested itself on Hilda Moreno herein. This wanton and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of the injuries and damages suffered by Plaintiff.

## VII.
## DAMAGES

7.1 Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiff seeks to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances. This amount is in excess of one (1) million dollars.

7.2 As a result of the incident in question, Plaintiff, Hilda Moreno, suffered disabling injuries, physical pain and mental anguish. She has sustained past and future reasonable and necessary medical expenses for the care and treatment of her injuries, a loss of wages and loss of earning capacity, both past and future, physical impairment, both past and future, physical pain and mental anguish, both past and future, disfigurement, loss of household services, and a diminution of enjoyment of life, both past and future, all to her damage in an amount which has not been ascertained, but which is in excess of the minimum jurisdictional limits of this court, and the minimum $75,000.00 jurisdictional limits of the federal courts.

### A. EXEMPLARY DAMAGES

7.3 As a result of the gross neglect and malice by Defendants, said Defendants should have exemplary damages assessed against them in an amount deemed

appropriate by the jury.

## VIII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1  Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## IX.
## JURY DEMAND

9.1  Plaintiff requests a trial by jury for all issues of fact. A jury fee has been paid timely and properly.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants, each of them, be cited and required to answer herein as required by law, and that on final trial by jury, Plaintiff be awarded judgment against each of the Defendants, jointly and severally, for the full amounts of the actual damages of each, and against each of the Defendants, severally, for punitive damages in the greatest amount allowed by law as to each, for prejudgment and postjudgment interest and costs of court and such other and further relief to which Plaintiff may show herself entitled.

Respectfully submitted,

WIGINGTON RUMLEY DUNN & BLAIR, L.L.P.
123 North Carrizo Street
Corpus Christi, TX 78401
Telephone:  (361) 885-7500
Facsimile:  (361) 885-0487

By:  /s/ David L. Rumley
David L. Rumley
State Bar No. 00791581
drumley@wigrum.com

7

*-and-*

Oscar A. Garza
State Bar No. 24040960
THE LAW FIRM OF OSCAR A. GARZA, P.L.L.C.
6243 W Interstate 10, Suite. 970
San Antonio, Texas 78201-2091
Telephone: (210) 732-3030
Facsimile: (210) 732-3031
ogarza@oscargarzalaw.com

**ATTORNEYS FOR PLAINTIFF**

8

Filed
3/5/2021 11:51 AM
Esther Degollado
District Clerk
Webb District
Veronica Madrigal
2021CVA000079D1

CASE NO. 2021CVA000079D1

| | | |
|---|---|---|
| HILDA MORENO, § | | IN THE DISTRICT COURT |
| *PLAINTIFF* § | | |
| § | | |
| v. § | | 49TH JUDICIAL DISTRICT |
| § | | |
| KENNETH ROY BUTTS, JR., AND § | | |
| INDIANA WESTERN EXPRESS INC. § | | |
| *DEFENDANTS.* § | | WEBB COUNTY, TEXAS |

## DEFENDANT INDIANA WESTERN EXPRESS, INC.'S SPECIAL EXCEPTION AND ANSWER TO PLAINTIFF HILDA MORENO'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Indiana Western Express, Inc. ("Defendant" or "Indiana Western"), one of the defendants herein, and files this its Answer to Plaintiff Hilda Moreno's Original Petition ("Plaintiff" or "Moreno"), and respectfully shows the Court as follows:

### I.   SPECIAL EXCEPTION

**1.** Defendant specially excepts to Paragraph 2.3 wherein it states "Defendant, Indiana Western Express, Inc., has its principal place of business and headquarters in this state located at 810 Union Pacific, Laredo, Webb County, Texas, where it conducts business, engages in business and transacts business in the state of Texas" as Defendant's principal place of business and headquarters is located at 2750 N. Banes Avenue, Springfield, Missouri 65803. Defendant requests that Plaintiff amend her Petition to correct the defect.

### II.   GENERAL DENIAL

**2.** Defendant denies generally and materially the allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and states that this is a matter for jury decision.

## III. AFFIRMATIVE DEFENSES

3. Pleading further and without waiving or limiting the foregoing, Defendant asserts the following affirmative defenses:

4. Plaintiff's recovery, if any, must be reduced in proportion to her negligence or barred altogether pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

5. Pleading further and without waiving or limiting the foregoing, Defendant asserts that Plaintiff's recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.  Accordingly, Defendant asserts all rights, privileges, and remedies afforded or available to it pursuant to §41.0105 of the Texas Civil Practices and Remedies Code.

6. Pleading further and without waiving or limiting the foregoing, the injuries and damages complained of by Plaintiff result from pre-existing conditions, in whole or in part, and not from any act or omission of Defendant.

7. Pleading further and without waiving or limiting the foregoing, Plaintiff wholly failed to mitigate her damages.

8. Pleading further and without waiving or limiting the foregoing, any and all damages sustained by Plaintiff resulted, in whole or in part, of intervening new and independent causes, and are not the result of any act or omission on the part of Defendant.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Indiana Western Express, Inc. prays that, upon final hearing and trial hereof, the Court enter into the following judgment:

1. That all relief requested by Plaintiff be denied;

2. That Defendant recover its costs incurred herein; and

3. That Defendant be awarded such other and further relief, both general and special, at law or in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**CLARK HILL STRASBURGER**
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Facsimile)

By: /s/ *Stephen T. Dennis*
    **STEPHEN T. DENNIS**
    Texas Bar No. 24040795
    sdennis@clarkhill.com
    **MARISA M. RESENDEZ**
    State Bar No. 24087031
    mresendez@clarkhill.com

**ATTORNEYS FOR DEFENDANT,**
**INDIANA WESTERN EXPRESS, INC.**

**Defendant Indiana Western Express, Inc.'s Special Exception**
**And Answer to Plaintiff Hilda Moreno's Original Petition**
ClarkHill\99732\420930\262313278.v1-3/4/21     Page 3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 5, 20210, a true and correct copy of the foregoing *Defendant Indiana Western Express, Inc.'s Special Exception and Answer to Plaintiff Hilda Moreno's Original Petition* was served on the following known counsel of record in accordance with the Texas Rules of Civil Procedure:

WIGINGTON RUMLEY DUNN & BLAIR LLP
David L Rumley
drumley@wigrum.com
123 North Carrizo Street
Corpus Christy, TX 78401

THE LAW FIRM OF OSCAR A. GARZA, PLLC
Oscar A Garza
ogarza@oscargarzalaw.com
6243 W Interstate 10, Suite 970
San Antonio, TX 78201-2091

                                               */s/ Stephen T. Dennis*
                                               STEPHEN T. DENNIS

**Defendant Indiana Western Express, Inc.'s Special Exception**
**And Answer to Plaintiff Hilda Moreno's Original Petition**
ClarkHill\99732\420930\262313278.v1-3/4/21                                        Page 4